Argued January 4, affirmed March 15, 1967

## BOARD OF FUNERAL DIRECTORS AND EMBALMERS, *Respondent, v.* GREEN-WOOD, *Appellant.*

425 P. 2d 169

*Gordon L. MacPherson,* Toledo, argued the cause for appellant. With him on the briefs were McCluskey, MacPherson & Osterlund, Toledo.

*Floyd A. Fredrickson,* Special Assistant Attorney General, Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and REDDING, Justices.

O'CONNELL, J.

Defendant appeals from a decree affirming an order by plaintiff, the Oregon State Board of Funeral Directors and Embalmers, suspending defendant's license for six months.

Plaintiff suspended defendant's license for a violation of ORS 692.180 (2) (c), which provides:

> "The board has the power to refuse to grant, to refuse to renew, to suspend or revoke a license after proper hearing and notice to the licensee, upon the licensee being found guilty of any of the following acts or omissions:
>
> "* * * * *
>
> "(2) Unprofessional conduct which hereby is defined to include:
>
> "* * * * *
>
> "(c) Solicitation of human dead bodies by the licensee, his agents, assistants or employees, whether such solicitation occurs after death or while death is impending; but this does not prohibit general advertising."

Defendant contends that the evidence is not sufficient to support plaintiff's finding that the statute was violated.

The defendant went to the home of Sadie McNeal about three weeks after her husband's death and questioned her as to her funeral plans for herself and for her uncle who was 88 years old and was then in the hospital.

An examination of the record reveals that the evidence is sufficient to support the Board's finding that defendant was soliciting funeral business on that occasion.

Defendant argues that assuming there was solicitation, the statute is not applicable in the present case

because there was no impending death of either Sadie McNeal or her uncle—relying upon that part of ORS 692.180 (2) (c) which reads, "whether such solicitation occurs after death or while death is impending." We do not regard this phrase as a limitation upon the statutory proscription. It will be noted that ORS 692.180 (2) (d) also proscribes "employment by the licensee of persons known as 'cappers' or 'steerers' or 'solicitors' or other such persons to obtain funeral directing or embalming business." This latter sub-section prohibits solicitation without any limitation as to impending death. There would be no reason for the legislature to prohibit solicitation by the licensee's agent in all circumstances but prohibit the licensee himself only in cases of death or impending death. It is more reasonable to construe subsection (c) of the statute to mean that no solicitation is permissible, including solicitations made after death or while death is pending.

The decree of the trial court is affirmed.